## PACHOMY KARPIK v. E. B. ROBINSON.[1]

May 20, 1927.

No. 25,885.

**Implied agreement that building put on another's land by mutual mistake shall belong to its builder.**

Where one acting in good faith places a building on the land of another through a bona fide mistake as to boundary, which is participated in by the adjoining owner, an agreement will be implied by law that the structure shall remain the property of the person erecting it, in the absence of anything indicating an intention or creating an equity to the contrary.

Fixtures, 26 C. J. p. 673 n. 70, 72; p. 679 n. 50.
Improvements, 31 C. J. p. 322 n. 28; p. 323 n. 29.

---

See 11 R. C. L. 1081.
See 11 R. C. L. 1064; 3 R. C. L. Supp. 1355; 4 R. C. L. Supp. 730; 5 R. C. L. Supp. 627.

[1] Reported in 214 N. W. 59.

Defendant appealed from an order of the district court for St. Louis county, Magney, J., denying his alternative motion for judgment or a new trial. Affirmed.

*Arnold & Arnold,* for appellant.

*Theo. Hollister* and *J. A. Fesenbeck,* for respondent.

STONE, J.

Action for the conversion of a log house. After a verdict for plaintiff, to a reduction of which by the trial court he has consented, defendant appeals from the order denying his alternative motion for judgment or a new trial.

Plaintiff and defendant own adjoining forties in a cutover section in St. Louis county. Plaintiff's land is on the west and defendant's on the east of the common boundary line. The testimony for plaintiff is that he built the log house in question, supposedly on his land but as close as convenient to his east line. Through mistake, the line between the two forties was located by plaintiff so far to the east of its true location that he built his house on the wrong side, getting it wholly on defendant's land.

The house was erected as a dwelling place for plaintiff and his family. There can be no question either of his mistake or his good faith. The line supposed to be the boundary was blazed. In the mistake concerning it, one Rudolph, a vendee of defendant then in possession of his forty, participated. Plaintiff testifies that Rudolph showed him the corner post, evidently misplaced. For the purposes of this case, Rudolph must be considered an owner in possession. "One who makes improvements on another's land through a bona fide mistake as to boundary or location, after due diligence to ascertain it, acts in good faith and is entitled to compensation for such improvements," where the mistake is due to the acts or declarations of the adjoining owner. 31 C. J. 322. In Merchants Nat. Bank of Crookston v. Stanton, 55 Minn. 211, 219, 56 N. W. 821, 822 (43 Am. St. 491), the conclusion was reached that "where the erections are made by one having no estate in the land, and hence no interest in enhancing its value, by the permission or license of the owner, an

agreement that the structures shall remain the property of the person making them will be implied, in the absence of any other facts or circumstances tending to show a different intention." In the instant case there is certainly no circumstance indicating a contrary intention, and there is ample basis for the implication that plaintiff's house was erected under license from defendant's vendee. There being no equity in defendant's favor, the case is one where if it were necessary the agreement might be implied by law in order to prevent the unjust enrichment of defendant at the expense of plaintiff.

All the other assignments of error have been considered but do not require further discussion. The issue as to whether plaintiff had abandoned the house was so submitted to the jury that defendant has no just cause for complaint. Neither is he entitled to a reversal on the ground of newly discovered evidence. There is nothing in the record on that phase of the case which indicates any abuse of discretion in the denial of a new trial.

The verdict was $1,014.75. The reduction consented to by plaintiff leaves it at $700. In view of the evidence for plaintiff on the issue of value, we cannot interfere. The verdict was large, unquestionably, but not so excessive as to permit us to say that it was due to passion and prejudice, the opinion of the learned trial judge being to the contrary.

Order affirmed.